UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                                                 Case No. 03-CR-0251

ROBERT G. LA POINT,

          Defendant.

**ORDER**

Following a hearing on February 14, 2011, the Court revoked Defendant Robert G. LaPoint's supervised release and ordered imprisonment for a period of three months in the custody of the Bureau of Prisons followed by three years of supervised release with conditions. The Court allowed the defendant voluntary surrender.

On the afternoon of March 14, 2011, counsel for the defendant efiled a letter with the Court requesting that the Court sign a proposed order stating that "the Court has no objection to the defendant serving his reconfinement sentence of 90-days in the Brown County Jail." Neither the letter nor the proposed order indicated whether the defendant had already been ordered to report to prison. The letter, in fact, offered no information other than a request that "[i]f Assistant United States Attorney Bill Roach has no objection I kindly request you sign the order." Apparently, the Court was to find out on its own whether AUSA Roach had an objection.

On March 16, 2011, counsel for the defendant placed a phone call to chambers asking if the order would be signed. Counsel indicated to the court's legal assistant at that time that his client had been directed by the Bureau of Prisons to report to the federal correctional facility at Terre

Haute, Indiana on March 17, 2011.

Counsel's letter, which I construe as a motion, will be denied. First, the letter fails to state any authority for the Court to take any action, and does not set forth any facts that would support the action requested. Moreover, having sentenced the defendant to the custody of the Bureau of Prisons, it is not up to the Court where he serves his sentence. Further, the proposed order is nonsensical. It states: "**IT IS HEREBY ORDERED** that the Court has no objection to the defendant serving his reconfinement sentence of ninety days in the Brown County Jail." Why would the BOP think the Court would have any objection in the first place?

In truth, the Court has no objection to the BOP placing the defendant in the Brown County Jail to serve his sentence. But it is not up to the Court; the BOP decides where federal prisoners serve their sentences. *See* 18 U.S.C. § 3621(b). Generally, if requested at the time of sentencing, the Court recommends placement at or near the defendant's home so that he can have the benefit of family support. Had counsel requested, the Court would have made such a recommendation in this case, and the Judgment would reflect it. It would still be up to the BOP where the defendant would be directed to report, however.

In any event, it is too late to make such a recommendation now that the defendant has been ordered to report. Accordingly, plaintiff's request or motion is denied.

**SO ORDERED** this ____16th____ day of March, 2011.

                                                          s/ William C. Griesbach
                                                         WILLIAM C. GRIESBACH
                                                         United States District Judge